IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT

Plaintiff,

v.

Mayor and CITY COUNCIL OF

BALTIMORE CITY; CATHERINE PUGH, Mayor,

BALTIMORE CITY POLICE DEPARTMENT;

DONALD BURNS, OFC.; and RUSSELL MERRITT,

OFC.; JOY PHILLIPS, Assistant Public

Defender; Jan Alexander, Assistant

State's Attorney,    Civil Action No: GLR18CV2614

Defendants.

## INTRODUCTION

Plaintiff Phillip O'Briant, representing himself as a pro se litigant, brings forth this legal action against Baltimore City Mayor, Catherine Pugh, and the City Council for Baltimore City; the Baltimore City Police Department; Officer Donald Burns; Officer Russell Merritt; Assistant State's Attorney, Jan Alexander; and Joy Phillips, Assistant Public Defender, pursuant to 42 U.S.C. Section 1983 for violating his constitutional rights with malicious intent, while acting under color of law.

## COMPLAINT

On 17 January 1995, at the age of sixteen (16) years old, plaintiff was unlawfully stopped, searched and arrested, without reason or explanation, on public 'streets' Ashland Avenue and Port

1

Street by two (2) Baltimore Police Officer's: Donald Burns and Russell Merritt.

Plaintiff was then transferred to the Baltimore City Detention Center ("BCDC"), and given charging documents explaining that he was charged and arrested for Rape-1st Degree/Use Physical Force, Rape- 2nd Degree/Force/Threat Force, Assault-with intent to rape, Sex Offense-4th Degree and Assault. See Exhibit 1.

Plaintiff made numerous requests to have his person and clothes examined by the police or hospital personnel to prove his innocence. Police disregarded the request. Because the police did not execute a proper investigation, plaintiff remained unlawfully incarcerated for a crime he did not commit from 17 January 1995 until he was released on 27 September 1995. The case was nolle prosequi on all charges, after the State's Attorney, Jan Alexander, realized that plaintiff was innocent. In fact, she allowed for plaintiff to remain incarcerated with no evidence to prosecute, which intentionally violated the United States Constitution's 5th Amendment due process of law clause, and the 14th Amendment equal protection clause by disregarding the facts that confirmed he did not commit any crime and was innocent.

## U.S. CONSTITUTION 4TH AMENDMENT VIOLATED BY BALTIMORE CITY POLICE OFFICERS DONALD BURNS & RUSSELL MERRITT

Under the United States Constitution's 4th Amendement, plaintiff has the right to be secure in his person, against unreasonable searches and seizures, which should not be violated, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

2

BCPD Officer's Burns and Merritt, violated plaintiff's right to be secure in his person when they stopped, searched and arrested him without reason. There was no probable cause for the stop, search or arrest. While acting under color of law, Officer's Burns and Merritt, with malicious intent, violated plaintiff's 4th Amendment constitutional right.

### U.S. CONSTITUTION 5TH AMENDMENT VIOLATED BY BALTIMORE CITY POLICE OFFICERS DONALD BURNS & RUSSELL MERRITT; ASSISTANT STATE'S ATTORNEY JAN ALEXANDER; AND ASSISTANT PUBLIC DEFENDER JOY PHILLIPS

Under the United States Constitution's 5th Amendment, plaintiff has the right to not be deprived of life, liberty and property, without due process of law.

Officer's Burns and Merritt of the BCPD, violated plaintiff's 5th Amendment right to due process of law when they stopped, searched and arrested him without reason. Plaintiff was sixteen (16) years and charged as an adult. He suffers with mental shock, mental anguish, and depression at the present, from being falsely accused and unlawfully arrested for a crime he did not commit. Further, he was humiliated and embarrassed.

Assistant Public Defender, Joy Phillips was the attorney for plaintiff. At no time did Ms. Phillips inform plaintiff of his rights. She failed to enforce the law to prove plaintiff's innocence, and failed to protect his civil rights. Ms. Phillips deprived plaintiff of the 5th Amendment Due Process Clause right, and the 14th Amendment Equal Protection Clause right, as his attorney in the attorney-client relationship.

### ARGUMENT

Plaintiff must prove both of the following elements by a preponderance of the evidence:

First: [Defendant's] acted under color of state law.

Officer's Burns and Merritt of the BCPD, were acting under color of state law, as police officers, when they unlawfully stopped, searched and arrested plaintiff without reason on 17 January 1995.

Second: While acting under color of state law, [Defendant's] deprived [Plaintiff] of a federal [constitutional right] [statutory right].

4th Amendment Violation

Officer's Burns and Merritt, while acting under color of state law, deprived plaintiff of the right to be secure in his person when they unreasonably stopped, searched and arrested him for a crime he did not commit. Burns and Merritt intentionally violated plaintiff's 4th Amendment right under the United States Constitution.

5th Amendment Violation

Officer's Burns and Merritt, while acting under color of state law, intentionally deprived plaintiff of his life and liberty when they stopped, searched and arrested him for a crime he did not commit. Burns and Merritt disregarded the policies of the Baltimore City Police Department regarding field interviews and investigations for reports of crimes. Officer's Burns and Merritt violated plaintiff's 5th Amendment right under the United States Constitution.

14th Amendment Violation

Officer's Burns and Merritt, while acting under color of state law, deprived and denied plaintiff equal protection of the law by failing to execute a thorough investigation before unlawfully

stopping, searching and arresting him without reason for a crime he did not commit. Officer's Burns and Merritt, violated plaintiff's 14th Amendment right under the United States Constitution to equal protection of law.

### STANDARD OF REVIEW

42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011), cert. denied, 565 U.S. 823 (2011); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009); Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." Philips v. Pitt Cty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982)).

Section 1983 also requires a showing of personal fault based upon a defendant's own conduct. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). Thus, there is no respondeat superior liability under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see also Wilcox v. Brown, 877 F.3d

5

161, 170 (4th Cir. 2017); Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Malone, 268 F.3d 228, 235 (4th Cir. 2001) (citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). With respect to a supervisory liability claim in a § 1983 action, a plaintiff must allege:

(1) That the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to . . . the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), cert. denied, 513 U.S. 813 (1994); see also Wilcox, 877 F.3d at 170.

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. (2007). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); see also *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)(stating a district court may not "conjure up questions never squarely presented"). In making this determination, the district court need not look beyond the complaint's allegations...It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff seeks leave to proceed in forma pauperis. Under 28 U.S.C. 1915(a)(1), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. 1915 (e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleading of pro se litigants. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### JURISDICTION AND VENUE

This court has subject matter jurisdiction pursuant to 42 U.S.C. 2000e-5(f) and 28 U.S.C. 1331 because this action is brought pursuant to Section 1983, which is a federal statute. Personal jurisdiction is proper because the Baltimore City Police Department is located in the State of Maryland. Venue is proper in this District because plaintiff resides in this district.

### PRAYER FOR RELIEF

Plaintiff has suffered mental shock, mental anguish, humiliation, depression and the lost for joy of life, at the hands of defendant's mentioned above. Therefore, he requests for an amount not less than 10,000,000.00, to compensate him for the pain, suffering and damages he endured, when his civil rights were violated with gross negligence and ill will intent.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Date: 21 August 2018

Respectfully submitted,

*[signature]*

Phillip O'Briant (Pro Se Litigant)

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 21st day of August 2018, the foregoing complaint was sent via first class mail postage prepaid to:

        Felicia C. Cannon, Clerk of Court

        United States District Court

        Norther Division

        101 West Lombard Street

        Baltimore, Maryland 21201

        */s/ Phillip O'Briant*

        Phillip O'Briant (Pro Se Litigant)

        433 Drew Street

        Baltimore, Maryland 21224

        (443)314-2958

        obriantphil@gmail.com