IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP O'BRIANT, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. GLR-18-2614 |
| MAYOR AND CITY COUNSEL OF BALTIMORE CITY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

On August 23, 2018, Plaintiff Phillip O'Briant brought suit under 42 U.S.C. § 1983 (2018). (ECF No. 1). He seeks monetary damages from the Mayor and Baltimore City Council, the Baltimore City Police Department and two of its officers, an Assistant Public Defender, and an Assistant Baltimore City State's Attorney for an alleged unlawful stop, search, and arrest on January 17, 1995. O'Briant alleges that he remained in custody until September 27, 1995, at which time the charges against him were dismissed nolle prosequi. In addition to filing a Complaint, O'Briant filed a Motion and Affidavit to Proceed in Forma Pauperis (ECF No. 2). The Court will grant the Motion.

Pursuant to 28 U.S.C. § 1915(a)(1) (2018), an indigent litigant may file suit in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. Id. § 1915(e)(2)(B)(i)−(ii). The Court is mindful of its obligation to construe liberally self-represented pleadings, such as O'Briant's

1

Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and that the Complaint's factual allegations are assumed to be true, id. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).  Liberal construction, however, does not mean the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose.  This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 249−50, (1989); Wilson v. Garcia, 471 U.S. 261, 279−80 (1985)).  In Maryland, the applicable statute of limitations is three years from the date of the occurrence.  See Md. Cts. & Jud. Proc. Code Ann. § 5-101.

Here, O'Briant has brought his claims in this Court more than twenty-three years after the underlying arrest and nearly twenty-two years after his criminal case was nolle prossed.  This gap clearly exceeds three years.  See id.  The Court, therefore, concludes that O'Briant's claims are barred as a matter of law.

Accordingly, it is this 28th day of September 2018, by the United States District Court for the District of Maryland, hereby:

ORDERED that O'Briant's Motion and Affidavit to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Complaint is DISMISSED;

IT IS FURTHER ORDERED that the Clerk shall CLOSE this case; and

IT IS FURTHER ORDERED that the Clerk shall SEND a copy of this Order to O'Briant at his address of record.

/s/
_____
George L. Russell, III
United States District Judge