IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT

Plaintiff,

v.

MAYOR AND CITY COUNSEL OF

BALTIMORE CITY, et al.,  Civil Action No: GLR-18-2614

Defendants.

## RULE 35 – EN BANC DETERMINATION

Rule 35 explains that a majority of the circuit judges who are in regular active service and who are not disqualified may order that an appeal or other proceeding be heard or reheard by the court of appeals en banc. An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless:

(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or

(2) the proceeding involves a question of exceptional importance.

## COMPLAINT

On 21 August 2018, Plaintiff Phillip O'Briant, a pro se litigant, brought forth a legal action against the Mayor and Baltimore City Council; the Baltimore City Police Department and two of its officers; an Assistant Public and an Assistant Baltimore City State's Attorney, under federal law 42 U.S.C Section 1983, for an unlawful stop and search which ultimately led to him being wrongfully accused and incarcerated from 17 January 1995 up until

1

27 September 1995, when the case against him was dismissed nolle prosequi.

## ANALYSIS

Nolle prosequi. A formal entry upon the record, by the plaintiff in a civil suit, or, more commonly, by the prosecuting officer in a criminal action, by which he declares that he "will no further prosecute" the case, either as to some of the defendants, or altogether. A nolle prosequi is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further. State v. Gaskins, 263 S.C. 343, 210 S.E.2d 590, 592. Commonly called "nol pros". Black's Law Dictionary, 5th Ed., pg. 945.

Judge George L. Russell, III, of the United States District Court, granted plaintiff's motion to proceed in forma pauperis, but dismissed the complaint on 28 September 2018, alleging that the complaint is time-barred under the three (3) year statute of limitations for personal-injury torts under Maryland state law. Plaintiff does not agree with Judge Russell's erroneous judgement because he was not fully exonerated from the false allegations against his person, and he did not receive any remedy for the harm or injury he endured at the hands of the defendant's.

Exoneration. The removal of a burden, charge, responsibility, or duty. Right to be reimbursed by reason of having paid that which another should be compelled to pay while "indemnity" generally is based upon contract, express or implied, and means compensation for loss already sustained. Black's Law Dictionary, 5th Ed., pg. 516.

Because the prosecutor decided or declared that he would not further prosecute the case against plaintiff, the case was nolle prosequi. Therefore, the case was not closed completely, and

plaintiff was not fully exonerated from the burden of being falsely accused for a crime that [h]e did not commit which led to his constitutional rights intentionally being violated.

## **CONCLUSION**

An en banc review is necessary because the case at bar involves questions of exceptional importance such as (1) Why was plaintiff arrested when he was never mentioned in the charging documents? (2) Why wasn't the case closed completely to exonerate plaintiff? And (3) Who can speak on behalf of plaintiff and state when the injury began or ended for him? (4) How did the investigation conclude that plaintiff engaged in criminal activity that led to his arrest? Because plaintiff was not exonerated properly, and the case was not completely closed, he continues to live with the injury and harm that was intentionally inflicted upon him by persons (defendant's) in authority misusing power. Until plaintiff is completely exonerated in this case, the harm *and* injury continues to burden his life which means that each defendant is liable to plaintiff for compensatory and punitive damages under section 1983 for violating his vested rights with gross negligence and malicious intent. Section 1983 does not have any statute of limitations.

Date: 2 October 2018

Respectfully submitted,

*/s/ Phillip O'Briant*

Phillip O'Briant

433 Drew Street

Baltimore, Maryland 21224

(443)314-2958

obriantphil@gmail.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of OCTOBER 2018, the foregoing EN BANC REVIEW (Rule 35) motion, was mailed, postage prepaid to:

>Baltimore City Police Department
>Police Headquarters
>100 North Holliday Street
>Baltimore, Maryland 21202

_____

Phillip O'Briant
433 Drew Street
Baltimore, Maryland 21224
(443)314-2958
obriantphil@gmail.com